IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Stephen E. J.,[1]                                6:17-cv-00879-BR

    Plaintiff,                             OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,[2]

    Defendant.


JOHN E. HAAPALA, JR.
401 E. 10th Ave.
Eugene, OR 97401
(541) 345-8474

    Attorney for Plaintiff

---

[1] In the interest of privacy and pursuant to the recommendation of the Judicial Conference of the United States, this Opinion and Order uses only the first name and the initial of the last name of the nongovernmental parties. The same designation will be used to identify nongovernmental parties' family members if named in this case.

[2] The official title of the head of the Social Security Administration (SSA) is the "Commissioner of Social Security." 42 U.S.C. § 902(a)(1). A "public officer who sues or is sued in an official capacity may be designated by official title rather than by name." Fed. R. Civ. P. 17(d). This Court, therefore, refers to Defendant only as Commissioner of Social Security.

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**RYAN LU**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2034

	Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Stephen E. J. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed his initial application for DIB

benefits on January 6, 2012.  Tr. 152.[3]  Plaintiff alleged a
disability onset date of November 19, 2007.  Plaintiff's
application was denied initially and on reconsideration.  An
Administrative Law Judge (ALJ) held a hearing on November 13,
2013.  Tr. 57-110.  Plaintiff and a vocational expert (VE)
testified.  Plaintiff was represented by an attorney at the
hearing.

On December 5, 2015, the ALJ issued an opinion in which he
found Plaintiff was not disabled for the period of November 2007
through March 2013 and, therefore, is not entitled to benefits.
Tr. 152-60.

On December 26, 2013, Plaintiff requested review by the
Appeals Council.  Tr. 234-36.

On May 7, 2015, the Appeals Council vacated the ALJ's
decision on the ground that the ALJ had incorrectly determined
the final date for Plaintiff's insured status.  The Appeals
Council remanded the case to the ALJ to reassess Plaintiff's
claim based on the correct disability period of November 19,
2007, to September 30, 2014.  The Appeals Council directed the
ALJ to obtain additional evidence concerning the Plaintiff's
impairment in order to complete the administrative record; to
consider the evidence or record through the relevant period at

---

[3] Citations to the official transcript of record filed by
the Commissioner on November 28, 2017, are referred to as "Tr."

3 - OPINION AND ORDER

issue; to "offer" the Plaintiff an opportunity for an evidentiary hearing; and to issue a new decision.  Tr. 169-70.

On November 5, 2015, the ALJ held another hearing.  Tr. 34-55.  Plaintiff testified and was represented by an attorney.

On January 8, 2016, the ALJ issued a second opinion in which he again found Plaintiff was not disabled for the period of November 2007 through September 2014 and, therefore, is not entitled to benefits.  Tr. 16-25.

On January 11, 2016, Plaintiff again requested review of the ALJ's decision by the Appeals Council.  Tr. 11-12.  On April 7, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On June 23, 2017, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on August 28, 1960.  Tr. 24.  Plaintiff was 54 years old on the date he was last insured.  Tr. 24.  Plaintiff has a high-school education.  Tr. 24.  The ALJ found Plaintiff has past relevant work as an HVAC installer.  Tr. 24.

Plaintiff alleges disability due to a right-knee injury, ruptures in his neck, degenerative disc disease of the lumbar

4 - OPINION AND ORDER

spine with disc herniation, obesity, and two hernias with radial myopathy. Tr. 218.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 35-42.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.,*

682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

I. **The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commis-

sioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete

incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since February 2, 2012, his alleged date of disability onset.  Tr. 33.

At Step Two the ALJ found Plaintiff has the severe impairments of "status-post right knee surgery, degenerative disk disease of the cervical spine (status-post fusion), degenerative disk disease of the lumbar spine with disk herniation, and obesity."  Tr. 33.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 34.  The ALJ found Plaintiff has the RFC to perform sedentary work.  The ALJ also found Plaintiff requires a sit/stand option that allows him to alternate sitting and standing positions throughout the day.  The ALJ also found Plaintiff can frequently climb ramps or stairs, frequently stoop, and occasionally kneel and crouch.  The ALJ found Plaintiff cannot climb ladders, ropes, or scaffold; cannot crawl; can occasionally push and pull with both arms; cannot reach overhead or above shoulder level; must avoid concentrated exposure to nonweather-related extreme cold; and must avoid exposure to excessive vibration, unprotected heights, and hazardous machinery.  Tr. 35.

At Step Four the ALJ concluded Plaintiff is able to perform his past relevant work.  Tr. 43.

At Step Five the ALJ found Plaintiff could also perform other work in the national economy in light of Plaintiff's age,

education, work experience, and RFC. Tr. 43-44. The ALJ cited three examples of such work that were identified by the VE: call-out operator, charge-account clerk, and semiconductor bonder. Tr. 44. Thus, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 44-45.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to follow the order issued by the Appeals Council and (2) improperly discounted Plaintiff's symptom testimony.

### I. The ALJ complied with the Appeals Council's Order.

Plaintiff contends the ALJ erred "in all ways other than granting [P]laintiff an additional hearing." Specifically, Plaintiff argues the ALJ refused to consider Plaintiff's testimony at the hearing on remand and failed to obtain additional evidence to complete the record concerning Plaintiff's impairments.

Defendant, however, contends the ALJ fully complied with the Appeals Council's order. According to Defendant, even if the ALJ failed to comply, such failure is not a proper basis to reverse the ALJ's decision.

#### A. The Law

The Social Security Regulations provide the ALJ "shall take any action that is ordered by the Appeals Council and may

take any additional action that is not inconsistent with the
Appeals Council's remand order."  20 C.F.R. § 416.1477(b).  The
ALJ's failure to follow a remand order, however, is not a proper
basis for the reviewing court to reverse or to remand the ALJ's
final decision regarding a claimant's disability.  *Strauss v.
Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1136-38 (9th Cir.
2011)(district court erred when it awarded benefits to the
plaintiff based on the ALJ's failure to follow remand order
without first ascertaining whether the claimant was disabled).
"The ALJ's errors are relevant only as they affect [the
disability] analysis on the merits."  *Id.* at 1138.  *See also
Scothern v. Colvin*, No. 6:13-cv-01889-HZ, 2015 WL 1038885, at *3
(D. Or. Mar. 10, 2015).

**B.  Analysis**

As noted, on remand the Appeals Council directed the
ALJ to do the following:  (1) obtain additional evidence
concerning the Plaintiff's impairment in order to complete the
administrative record, (2) consider the evidence of record
through the relevant period at issue, (3) "offer" the Plaintiff
an opportunity for an evidentiary hearing, and (4) issue a new
decision.  Tr. 169-70.

On November 5, 2015, the ALJ held a further hearing on
remand.  Although the ALJ stated he did not have any questions,
Plaintiff was questioned by his attorney and testified at the

11 - OPINION AND ORDER

hearing. Tr. 46-53. The ALJ inquired about obtaining additional treatment records for Plaintiff "since the prior hearing decision and also that predates the date last insured." Tr. 42.

Subsequent to the hearing Plaintiff submitted his own statement dated November 24, 2015, (Tr. 441-42); an undated statement by Dan Willis, a friend (Tr. 440); and additional medical records from Loren E. Bigley, M.D., Plaintiff's treating physician, dated July 2014 through September 2015 (Tr. 790-99). The ALJ considered all of these records in his January 2016 decision. Tr. 23-24.

To the extent that the ALJ "ignored" or failed to comply strictly with the requirements of the Appeals Council's Order, Plaintiff has not shown that such error resulted in an erroneous determination by the ALJ as to Plaintiff's disability.

On this record the Court concludes the ALJ fulfilled the underlying requirements of the Appeals Council's Order and did not err.

**II. The ALJ did not err when he found Plaintiff's testimony was not fully credible.**

Plaintiff contends the ALJ erred when he failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony.

**A. Standards**

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or

12 - OPINION AND ORDER

symptoms is credible. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). The claimant is not required to show that "her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id*.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). General assertions that the claimant's testimony is not credible

are insufficient.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B.   Analysis**

The ALJ discounted Plaintiff's testimony regarding his symptoms on the grounds that it was inconsistent with the medical evidence, the medical opinions in the record, and Plaintiff's daily activities.

Plaintiff alleges he is disabled based on the effects of Stage 4 squamous cell carcinoma that "messed up" his thyroid gland and caused weight gain, hearing loss, short-term memory issues, "a drainage and allergy condition," sleeplessness, dry mouth, and "hydration problems."  Tr. 20, 309.  Plaintiff asserted these conditions are so severe that he has difficulty performing "most activities."  Tr. 401.  At the hearing in November 2013 Plaintiff also testified the radiation therapy causes him to experience numbness in his arms and fingers as well as pain in his neck.  Tr. 20, 66-67.

Despite these alleged symptoms, the ALJ noted Plaintiff denied any problems managing his personal care; preparing "soft" foods for himself daily; performing household repairs; weeding the yard; going outside independently by car, bicycle, or public transportation; grocery shopping once a week; and getting along

with others. Tr. 337-41.

The ALJ also noted medical providers at Oregon Health and Science University (OHSU) indicated in their treatment records that Plaintiff presented as a "healthy individual in no acute distress." Tr. 21, 610. OHSU records from April and August 2011 also reflect Plaintiff denied any joint pain, muscle aches, or loss of strength. Tr. 21, 635, 637.

The ALJ also noted "none of [Plaintiff's] treatment providers have endorsed the conclusion that [Plaintiff] is physically unable to sustain activity for up to eight hours," and "the only physical limitation cited by [Plaintiff's] treatment providers was a lifting restriction to 20 pounds following his cervical surgery." Tr. 22, 593. The ALJ gave great weight to the opinions of Richard Alley, M.D., and Neal Berner, M.D., state-agency medical consultants, who determined after reviewing Plaintiff's medical records that Plaintiff could perform a range of light work even with Plaintiff's impairments. Tr. 22, 131-32, 145-46.

Finally, the ALJ noted although Plaintiff alleged numbness in his right hand, arm, and foot, he advised a treatment provider on September 24, 2014, that he was still able to perform yard work for a neighbor and to roller skate. Tr. 23, 795.

On this record the Court concludes the ALJ did not err when he discounted Plaintiff's testimony and found it was not

fully credible because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 13th day of June, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge